## Arthur Staudt, Appellee, v. Murphysboro Electric Rail=way, Light, Heat & Power Company, Appellant.

DAMAGES—*how determined in action for injury to reversionary interest.* In an action by the owner of the fee to real estate to recover damages for injury thereto the amount of damages suffered by the owner of the life estate should be eliminated.

Appeal from the Circuit Court of Jackson county; the HON. W. F. ELLIS, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

R. J. McElvain and Otis F. Glenn, for appellant.

George W. Andrews and Charles E. Feirich, for appellee.

Mr. Justice Shirley delivered the opinion of the court.

Appellee recovered a judgment of four hundred dollars damages alleged to have resulted to his property from the excavation of a street.

It was charged in the declaration that appellant wrongfully and negligently cut down and excavated Walnut Street in the city of Murphysboro, in front of the property of appellee, and constructed an iron fence along the sidewalk to the damage of appellee.

It appeared from the evidence on the trial that the premises of appellant described as lot one and the east half of lot two in block four, Logan's Second Addition to the city of Murphysboro, fronted on Walnut street, and that appellee excavated the street along there to a depth of from three to ten feet, walled the sides with concrete and constructed within the excavation a street railroad track. Prior to the work of excavation the street was accessible to the premises of appellee to drive to and from the house but not so afterwards.

The evidence of witnesses introduced by appellee of the damages resulting to the property in depriving it of its accessibility to the street, varied from eight hundred dollars to two thousand dollars, while a number of witnesses testified on behalf of appellant that there was no depreciation in value caused by the excavation. The jury by agreement viewed the premises and after hearing the evidence returned a verdict in favor of appellee and assessed the damages at the sum of four hundred dollars upon which judgment was entered.

It is contended here that the trial court erred in ruling upon the admissibility of evidence, and in refusing to instruct the jury that the recovery of appellee should be limited to the damages resulting to his interest in the property. It appeared from the evidence that appellee's father was the owner in fee of the premises and that he died in 1909 leaving appellee his only heir at law and also leaving a widow. The widow and appellee occupied the property as a homestead at the

time of the father's death and so continued to occupy it. This evidence was sufficient in the absence of evidence to the contrary to show that the father died intestate, that the widow had a life estate in the property of homestead and dower, and that appellee was by inheritance the owner in fee subject to the life estate of the widow.

Appellee asked a witness what damage the construction of the cut would have on the value of the property. Appellant objected on the ground the widow had an estate of dower and homestead and the amount of damages to appellee should be confined to his interest in the property. The court overruled the objection and the witness answered the property was damaged one half, two thousand dollars. The court also refused to instruct the jury on behalf of appellant that the jury could not return a verdict for the full amount of depreciation in market value but only for the depreciation of his interest in the premises. If damages resulted to the premises from the excavation in the street the life estate of the widow was affected as well as the interest of appellee but in different degree. "A life interest or a term of years may be carved out of the fee. In such case the tenant for life or lessee as well as the remainderman or lessor is entitled to compensation for that interest. Every person having any interest partial or temporary or permanent and absolute is entitled to damages proportioned to the injury to that interest. The division of ownership, however, cannot operate to subject the condemning party to payment of greater damages than if one person had a complete and perfect title." Suth. on Dam. Vol. 3, p. 447. This is the rule in taking property for public use and is the rule here.

In estimating damages to appellee's reversionary interest, the life estate of the widow should have been considered in determining what proportion of the damages to the whole estate was suffered by the widow and

what proportion by appellee. The court erred in overruling the objection to the evidence referred to and in refusing appellant's instruction. The judgment is reversed and the cause remanded.

*Reversed and remanded.*